**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **DR. MELISSA MCCOUL,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **V.** | § | |
| | § | |
| | § | |
| **THE TEXAS A&M UNIVERSITY** | § | |
| **SYSTEM;** | § | |
| | § | |
| | § | |
| **ROBERT L. ALBRITTON,** | § | |
| **JAY GRAHAM, DAVID C. BAGGETT,** | § | |
| **JOHN W. BELLINGER, JAMES R.** | § | |
| **BROOKS, MICHAEL A. HERNANDEZ,** | § | |
| **III, WILLIAM MAHOMES, JR.,** | § | |
| **KELLEY SULLIVAN GEORGIADES,** | § | |
| **and SAM TORN,** *in their official* | § | |
| *capacities as members of the Board of* | § | **CIVIL ACTION NO. 4:26-CV-00865** |
| *Regents of the Texas A&M University* | § | |
| *System*; | § | |
| | § | |
| **TOMMY WILLIAMS,** *in his individual* | § | |
| *and official capacity as Interim President* | § | |
| *of the Texas A&M University System*; | § | |
| | § | |
| **MARK A. WELSH III,** *in his individual* | § | |
| *capacity*; | § | |
| | § | |
| **GLENN HEGAR,** *in his individual and* | § | |
| *official capacity as Chancellor of the* | § | |
| *Texas A&M University System*; **and** | § | |
| | § | |
| **JAMES R. HALLMARK,** *in his* | § | |
| *individual and official capacity as Vice* | § | |
| *Chancellor for Academic Affairs*, | § | |
| | § | |
| *Defendants*. | § | |

**JOINT DISCOVERY / CASE MANAGEMENT PLAN**

Come now, counsel for Plaintiff and Defendants, and pursuant to FED. R. CIV. P. 26(f) and this Court's *Order Setting Conference* (Dkt. No. 5), file this Joint Discovery / Case Management Plan, as follows:

1.  **State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

    Counsel for Plaintiff, Amanda L. Reichek, and counsel for Defendants, Keith Ingram, conferred via telephone at 10:00 am on April 10, 2026.

2.  **List the cases related to this one that are pending in any state or federal court with the case number and court.**

    None.

3.  **Specify the allegation of federal jurisdiction.**

    This suit is brought under 42 U.S.C. § 1983 for alleged violations of Plaintiff's rights under the First and Fourteenth Amendments of the United States Constitution, and declaratory relief under 28 U.S.C. §§ 2201–02.  Jurisdiction therefore lies under 28 U.S.C. § 1331.

4.  **Name the parties who disagree and the reasons.**

    Defendants contest subject matter jurisdiction as stated in their Motion to Dismiss

5.  **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

    As of this filing Plaintiff does not anticipate joining additional parties.

6.  **List anticipated interventions.**

    As of this filing neither Plaintiff nor Defendants anticipate any interventions.

7.  **Describe class-action issues.**

    None.

8.  **State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures.**

The parties have agreed to exchange Initial Disclosures by April 24, 2026.

**9.**      **Describe the proposed agreed discovery plan, including:**

**A.**      **Responses to all the matters raised in Rule 26(f).**

**i.**      **Changes to be made to the timing, form, or requirement for disclosures under Rule 26(a)**

No changes; the parties will exchange Initial Disclosures by April 24, 2026.

**ii.**      **Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues**

Plaintiff expects to pursue discovery on the events leading to her summary dismissal from Texas A&M University, her damages, and any defenses raised by Defendants.

Defendants expect to pursue discovery from Plaintiff regarding the events surrounding her dismissal.

**iii.**      **Issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced**

The parties agree to produce electronically stored information in native format.

**iv.**      **Issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A) and—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order Fed. R. Evid. 502**

The parties agree to produce a privilege log by the deadline applicable to production or disclosure of privileged materials.

**v.**      **Changes to be made in the limitations on discovery imposed under these rules or by local rule, and other limitations to be imposed**

None.

**vi.**      **any other orders that the court should issue under Rule 26(c) or under Fed. R. Civ. P. 16(b) and (c)**

None.

B. **When and to whom the plaintiff anticipates she may send interrogatories.**

Plaintiff intends to propound interrogatories on all defendants.

C. **When and to whom the defendant anticipates it may send interrogatories.**

Defendants expect to propound interrogatories to Plaintiff.

D. **Of whom and by when the plaintiff anticipates taking oral depositions.**

Subject to Defendants' discovery responses and document production, Plaintiff expects to take the following depositions: President Tommy Williams, Former President Mark Welsh, Chancellor Glenn Hegar, Provost Alan Sams, Bianca Lupiani, and K.W.

E. **Of whom and by when the defendant anticipates taking oral depositions.**

Subject to Plaintiff's discovery responses and document production, Defendants intend to depose Plaintiff, Emily Johansen, Tim Scott, Mark Zoran

F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff: July 10, 2026
Defendants: August 10, 2026

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

Plaintiff does not anticipate taking expert depositions.

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

Defendants do not anticipate the need for taking expert depositions at this time.

I. **Other agreed deadlines**

Deadline for expert challenges:     September 10, 2026
Deadline to amend pleadings:        September 18, 2026
Deadline for dispositive motions:   November 13, 2026
Proposed trial date:                April 2027

### J.        Identities and purposes of witnesses

#### i.        Plaintiff's Witnesses

1. **R.C.**[1]

R.C. took Plaintiff's ENGL 361 course and Plaintiff was to direct an independent study with R.C. this semester before Plaintiff was summarily terminated. R.C. will testify to Plaintiff's approach to teaching, the overall experience of having Plaintiff as a professor, and the alignment among Plaintiff's course content, the course catalog, and the course description.

2. **B.C.**

B.C. took Plaintiff's ENGL 360 course. B.C. will testify to Plaintiff's approach to teaching this course, the overall experience of having Plaintiff as a professor, and the alignment among Plaintiff's course content, the course catalog, and the course description.

3. **Dr. Catherine Eckel**

Dr. Eckel chairs the senior faculty advisory committee, which advises the president. She is expected to testify to the circumstances of Plaintiff's termination.

4. **Glenn Hegar**

Mr. Hegar is the Chancellor of the Texas A&M University System. He is expected to have knowledge of the events leading to Plaintiff's termination.

5. **Dr. Marah Gubar**

Dr. Gubar is an associate professor of literature at MIT. Gubar's research includes a focus on children's literature, and is expected to testify to Plaintiff's approach to teaching children's literature, and the alignment among Plaintiff's course content, the course catalog, and the course description.

6. **M.H.**

M.H. was a student in the Summer II ENGL 360 session. M.H. is expected to testify to the recording and confrontation that disrupted this course and led to Plaintiff's summary dismissal. They are also expected to testify to Plaintiff's approach to teaching this course, overall experience of having Plaintiff as a professor, how this incident has affected them, and the alignment among Plaintiff's course content, the course catalog, and the course description.

---

[1] Students are identified by their initials pursuant to FERPA but the identities of the students will be shared with parties' counsel.

Joint Discovery / Case Management Plan – Page 5

### 7. Dr. James Hallmark

Dr. Hallmark is the Vice Chancellor for Academic Affairs. He is expected to testify about the decision to uphold Plaintiff's termination.

### 8. Dr. Emily Johansen

Dr. Johansen is an associate professor and former head of the English department. She was Plaintiff's immediate supervisor when the Summer II session of ENGL 360 was disrupted, and was Plaintiff's primary point of contact for how TAMU responded to this incident. She is expected to testify regarding these circumstances as well as those surrounding Plaintiff's termination, Plaintiff's approach to teaching this course and others, her overall job performance, and the alignment among Plaintiff's course content, the course catalog, and the course description.

### 9. A.L.

A.L. took Plaintiff's ENGL 361 course. A.L. will testify to Plaintiff's approach to teaching and the overall experience of having Plaintiff as a professor.

### 10. Dr. Blanca Lupiani

Dr. Lupiani is the vice provost for faculty affairs. She is expected to testify to the circumstances of Plaintiff's termination.

### 11. Dr. Laura Mandell

Dr. Mandell is a professor in the English department. She is expected to testify to various approaches to teaching literature, the alignment among Plaintiff's course content, the course catalog, and the course description, and the readings that comprised Plaintiff's ENGL 360 course.

### 12. Dr. Melissa Plaintiff

Plaintiff will testify to the circumstances of her termination, past job performance, approach to teaching children's literature and young adult literature, and the alignment among her course content, the course catalog, and the course description.

### 13. M.M.

M.M. took Plaintiff's ENGL 360 course and was enrolled in Plaintiff's ENGL 361 / 394 courses in the fall. M.M. will testify to Plaintiff's approach to teaching these courses, the overall experience of having Plaintiff as a professor, and the series of changes that occurred this fall with respect to ENGL 361 / 394 and the effect this had on her as a student. She is also expected to testify to the alignment among Plaintiff's course content, the course catalog, and the course description.

**14. Dr. Regina Mills**

Dr. Mills is an assistant professor in the English department. She is expected to testify to various approaches to teaching literature, her experience working with Plaintiff, and the alignment among Plaintiff's course content, the course catalog, and the course description.

**15. F.M.**

F.M. took Plaintiff's writing and literature course. F.M. will testify to Plaintiff's approach to teaching and the overall experience of having Plaintiff as a professor.

**16. Dr. Mary Ann O'Farrell**

Dr. O'Farrell is an associate professor in the English department. She is expected to testify to Plaintiff's job performance, her course content, approach to teaching, and the alignment among Plaintiff's course content, the course catalog, and the course description.

**17. R.O.**

R.O. took Plaintiff's ENGL 360 course. R.O. will testify to Plaintiff's approach to teaching this course, the overall experience of having Plaintiff as a professor, and the alignment among Plaintiff's course content, the course catalog, and the course description.

**18. Dr. Kalani Pattison**

Dr. Pattison is an instructional associate professor and ENGL 104 coordinator. She is expected to testify to Plaintiff's job performance, her course content, and approach to teaching, the series of changes that occurred this fall with respect to ENGL 361 / 394, and the alignment among Plaintiff's course content, the course catalog, and the course description.

**19. Dr. Martin Peterson**

Dr. Peterson is the chair of the academic freedom council. He is expected to testify to the circumstances of Plaintiff's termination, the findings of the academic freedom council, and the academic freedom implications of her termination.

**20. Dr. Andrew Pilsch**

Dr. Pilsch is an associate professor in the English department and current acting head of the English department. He is expected to testify to the circumstances of Plaintiff's termination.

**21. Dr. Alan Sams**

Dr. Sams is the execute vice president and provost. He is expected to testify to the circumstances of Plaintiff's termination.

**22. Gen. Mark Welsh**

Gen. Welsh is the former president of Texas A&M University. He is expected to testify to the circumstances of Plaintiff's termination.

**23. Dr. Cynthia Werner**

Dr. Werner is the senior executive associate dean within the college of arts and sciences. She is expected to testify to the circumstances of Plaintiff's termination.

**24. K.W.**

K.W. is a student that was enrolled in Plaintiff's ENGL 361 course. K.W. is expected to testify about her actions, specifically recording an exchange between K.W. and Plaintiff during class, and disseminating the recording to individuals outside of Texas A&M University.

**25. President Tommy Williams**

Williams is expected to testify for his reasons for rejecting the CAFRT's unanimous decision that Plaintiff's termination was not supported by Texas A&M University policy.

**26. Dr. Tommy Williams**

Dr. Williams is the chair of the CAFRT committee. He is expected to testify to Plaintiff's exhaustion of her administrative remedies.

**27. A.Z.**

A.Z. took Plaintiff's ENGL 360 and 361 courses and two others, and chose Plaintiff to direct her undergraduate thesis. A.Z. will testify to Plaintiff's approach to teaching these courses, the overall experience of having Plaintiff as a professor, and the alignment among Plaintiff's course content, the course catalog, and the course description.

**28. Dr. Mark Zoran**

Dr. Zoran is the former dean of the college of arts and sciences. He is expected to testify to the circumstances of Plaintiff's termination.

**29. Individual members of Texas A&M University System's Board of Regents**

Members of the Board of Regents are expected to testify to the policies and procedures of the Texas A&M University System and any communications they each had about this dispute.

### ii.    Defendants' Witnesses

### 1.    General Mark Welsh

General Welsh is the former president of Texas A&M University and is expected to testify about the circumstances of Plaintiff's termination.

### 2.    Tim Scott

Tim Scott was the university president's chief of staff during the summer of 2025 and is expected to testify about the circumstances of Plaintiff's termination.

### 3.    Tommy Williams

Tommy Williams was named interim president of Texas A&M University after the departure of General Welsh and is expected to testify about the aftermath of Plaintiff's termination.

### 4.    KW student in McCoul's English 360 second summer session

KW was a student in Dr. McCoul's English 360 class in the second summer session of 2025.  They are expected to testify about the course material and Dr. McCoul's response to opinions contrary to her own.

### 5.    AA student in McCoul's English 360 second summer session

AA was a student in Dr. McCoul's English 360 class in the second summer session of 2025.  They are expected to testify about the course material and Dr. McCoul's response to opinions contrary to her own.

### 6.    Wayne K Versaw

The associate dean for operations is expected to testify about the complaints received and President Welsh's response and the circumstances of Plaintiff's termination.

### 7.    MK student in McCoul's English 360 second summer session

MK was a student in Dr. McCoul's English 360 class in the second summer session of 2025.  They are expected to testify about the course material and Dr. McCoul's response to opinions contrary to her own.

### 8.    SL student in McCoul's English 360 second summer session

SL was a student in Dr. McCoul's English 360 class in the second summer session of 2025.  They are expected to testify about the course material and Dr. McCoul's response to opinions contrary to her own.

### 9.    HW student in McCoul's English 360 second summer session

Joint Discovery / Case Management Plan – Page 9

HW was a student in Dr. McCoul's English 360 class in the second summer session of 2025. They are expected to testify about the course material and Dr. McCoul's response to opinions contrary to her own.

### 10. Alan Sams, Provost

Alan Sams is familiar with the events and circumstances surrounding Plaintiff's termination.

### 11. S student in McCoul's English 360 second summer session

S was a student in Dr. McCoul's English 360 class in the second summer session of 2025. They are expected to testify about the course material and Dr. McCoul's response to opinions contrary to her own.

12. **Melissa McCoul, Emily Johansen, Mark Zoran, Heather Lench** are witnesses expected to be adverse to Defendants, but Defendants reserve the right to elicit favorable testimony from them to the extent possible.

### K.    Sources and types of documents

Plaintiff expects that relevant documents in this case will include emails and other correspondence related to the decision to summarily dismiss Plaintiff, applicable rules, regulations, and policies, Plaintiff's job performance-related documents such as promotion and raise materials and student evaluations, and documents related to Plaintiff's damages. With the exception of documents related to Plaintiff's compensatory damages, these documents are in the possession, custody, or control of Defendants.

Defendant expects that relevant documents in this case will include emails and other correspondence related to the decision to terminate Plaintiff's employment. Most if not all of these documents have been provided to Plaintiff and her counsel.

10. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Not applicable.

11. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

12. **State the date the planned discovery can reasonably be completed.**

October 30, 2026

Joint Discovery / Case Management Plan – Page 10

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties have agreed to discuss resolution after the Court rules on Defendants' Motion to Dismiss.

14. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

Counsel for the parties briefly discussed resolution prior to Plaintiff's exhaustion of her internal remedies but were unable to resolve this dispute.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

Mediation will be explored after the Court rules on Defendants' Motion to Dismiss.

16. **Magistrate judges may now hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not consent to trial before a magistrate judge.

17. **State whether a jury demand has been made and if it was made on time.**

Plaintiff has made a timely jury demand.

18. **Specify the number of hours it will take to present the evidence in this case.**

The parties expect trial of this matter to take four days, or approximately 32 hours.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None.

20. **List other motions pending.**

Defendant's Motion to Dismiss.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None.

**22.** **List the names, bar numbers, addresses and telephone numbers of all counsel.**

**Amanda L. Reichek**
Texas State Bar No. 24041762
S.D. Texas Bar No. 840975
areichek@tillotsonlaw.com
**Jeffrey M. Tillotson**
Texas State Bar No. 20039200
S.D. Texas Bar No. 27831
jtillotson@tillotsonlaw.com
**Sara Babineaux**
State Bar No. 24125102
S.D. Texas Bar No. 3959037
sbabineaux@tillotsonlaw.com

**TILLOTSON PATTON**
1201 Main Street, Suite 1300
Dallas, Texas 75202
(214) 382-3041 Telephone
(214) 292-6564 Facsimile

**BRIAN KEITH INGRAM**
Special Counsel
Texas State Bar No. 00787746
SDTX No. 196534
keith.ingram@oag.texas.gov

**BRIAN B. TUNG**
Assistant Attorney General
Special Litigation Division
Texas State Bar No. 24145179
SDTX No. 3937738
Brian.Tung@oag.texas.gov

**LAUREN E. SAEGER**
Assistant Attorney General
Texas State Bar No. 24149365
SDTX No. 3943412
lauren.saeger@oag.texas.gov

COUNSEL FOR THE STATE OF TEXAS

Joint Discovery / Case Management Plan – Page 12

Respectfully Submitted,

/s/ *Amanda L. Reichek*
Amanda L. Reichek
Texas State Bar No. 24041762
S.D. Texas Bar No. 840975
areichek@tillotsonlaw.com
Jeffrey M. Tillotson
Texas State Bar No. 20039200
S.D. Texas Bar No. 27831
jtillotson@tillotsonlaw.com
Sara Babineaux
State Bar No. 24125102
S.D. Texas Bar No. 3959037
sbabineaux@tillotsonlaw.com
**TILLOTSON PATTON**
1201 Main Street, Suite 1300
Dallas, Texas 75202
(214) 382-3041 Telephone
(214) 292-6564 Facsimile

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 19, 2026 a true and correct copy of the foregoing was served on Defendants' counsel of record via CM/ECF.

/s/ *Amanda L. Reichek*
Amanda L. Reichek