**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| DR. MELISSA MCCOUL,<br>*Plaintiff,*<br>v.<br>THE TEXAS A&M UNIVERSITY SYSTEM, *et al.,*<br>*Defendants.* | CIVIL ACTION NO. 4:26-cv-00865 |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY RELEVANT TO DEFENDANTS' MOTION TO DISMISS**

Defendants the Texas A&M University System; Robert Allbritton, Jay Graham, David C. Baggett, John W. Bellinger, James R. Brooks, Micheal A. Hernandez, III, William Mahomes, Jr., Kelley Sullivant Georgiades, and Sam Torn, as members of the Board of Regents; Tommy Williams, as Interim President of the Texas A&M University System; Mark Welsh III; Glenn Hegar, as Chancellor of the Texas A&M University System; and James R. Hallmark, as Vice Chancellor for Academic affairs; respectfully file this Notice of Supplemental Authority Relevant to Defendants' Motion to Dismiss.

Defendants filed their Motion to Dismiss, ECF No. 14, on April 10, 2026. Plaintiff filed her Response in Opposition to Defendants' Motion to Dismiss, ECF No. 21, on May 28, 2026. Defendants filed their Reply in Support of Defendants' Motion to Dismiss, ECF No. 26, on June 19, 2026.

Defendants attach, for the Court's consideration, the opinion of the United States Court of Appeals for the Fifth Circuit in the case *Jackson Fed'n of Tchrs. v. Fitch*, No. 25-60496, 2026 U.S. App. LEXIS 32221 (5th Cir. 2026) issued on October 22, 2026. The case underlying the decision concerns a challenge to Mississippi House Bill 1193, which is designed to reduce or eliminate the

spending of public education funds on diversity, equity, and inclusion ("DEI") programs, initiatives, and requirements. *Id.* at *4–5. The Fifth Circuit's opinion, which reversed the lower court's enjoining enforcement of the bill, addresses several subjects relevant to the pending motion to dismiss.

### A. OFFICIAL ACTIVITIES OF COLLEGES SIMPLY DO NOT REQUIRE VIEWPOINT NEUTRALITY

Ultimately, the *Jackson* court held that *Chiras v. Miller* applies to "textbooks, curricula, mandatory activities, and instruction," "curricula, instruction, and textbooks are in the heartland of the scope of employment of educators," while the *Kennedy* application of *Garcetti* applies to the personal, non-curricular statements of teachers and professors in the classroom, and notes that "*Chiras* and *Kennedy* harmonize well, given that curricula, instruction, and textbooks are in the heartland of the scope of employment of educators." *Jackson Fed'n of Tchrs. v. Fitch*, No. 25-60496, 2026 U.S. App. LEXIS 32221, at *28 (5th Cir. 2026).

> As regards textbooks, curricula, classroom instruction, administrative activities, and other official activities of public institutions, states possess broad power free from the First Amendment's viewpoint-neutrality requirement to "promote policies and values of its own choosing" and ensure that taxpayer money spent on education accomplishes the states' educational objectives.

*Jackson*, 2026 U.S. App. LEXIS 32221, *26 (quotation marks and brackets removed).[1]

### B. WHEN PROFESSORS SPEAK AS AGENTS OF A UNIVERSITY, THE UNIVERSITY IS ALLOWED TO REGULATE MESSAGING

The *Jackson* court explains that in cases where personal speech rights of professors and the ability of a public university to accomplish the state's educational objectives conflict, district courts

---

[1] Citing and quoting *Chiras v. Miller*, 432 F.3d 606, 613, 611 (5th Cir. 2005); *see also Evans-Marshall v. Bd. of Educ. of Tipp City Exempted Vill. Sch. Dist.*, 624 F.3d 332, 340 (6th Cir. 2010) (state government "has ultimate responsibility for what goes on in the classroom," and therefore "legitimately" exercises power "over what teachers may (or may not) teach in the classroom.").

"should apply the *Garcetti* framework as outlined in *Kennedy v. Bremerton School District*, 597 U.S. 507, 527 (2022)." *Id.* at *26.

*Jackson* emphasizes however that when a public employee is speaking per official duties – i.e., in the scope of employment – the government is allowed to regulate what is or is not express, "'even when it enlists private entities' such as professors 'to convey its own message.'" *Id.* at *27 (quoting *Rosenberger v. Rector & Visitors of the University of Virginia*, 515 U.S. 819 (1995)).

**C. CONCLUSION**

As applied to the present case, *Jackson* makes clear that Professor McCoul's speech in the classroom is properly within the scope of the University's regulation. A government agency has "constitutionally preserved plenary power" to promote policies and values of its own choosing and to maintain that all education funded at the expense of the state accomplishes the state's educational objectives. *Id.* at *27-28 (quoting *Chiras*, 432 F.3d 611, 613).

Date: November 13, 2026

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

ROB FARQUHARSON
Deputy Attorney General for Legal Strategy

MICHAEL COTTON
Chief, Special Litigation Division

*/s/ Zachary W. Berg*
ZACHARY W. BERG
Special Counsel
Texas Bar No. 24107706

STEVEN LOOMIS
Special Counsel
Texas Bar No. 00793177

JACOB P. DUSTIN
Special Counsel
Texas Bar No. 24149843

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100
Zachary.Berg@oag.texas.gov
Steven.Loomis@oag.texas.gov
Jacob.Dustin@oag.texas.gov

COUNSEL FOR THE STATE OF TEXAS

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on November 13, 2026, and that all counsel of record were served by CM/ECF.

*/s/ Zachary W. Berg*
ZACHARY W. BERG
Special Counsel